**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| IBERIABANK CORPORATION, WILLIAM H. FENSTERMAKER, E. STEWART SHEA III, HARRY V. BARTON, JR., ERNEST P. BREAUX, JR., DARYL G. BYRD, JOHN N. CASBON, J. MICHAEL KEMP, SR., JOHN E. KOERNER III, RICK E. MAPLES, ROSA SUGRAÑES, and FIRST HORIZON NATIONAL CORPORATION, | ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on November 4, 2019 (the "Proposed Transaction"), pursuant to which IBERIABANK Corporation ("IBERIABANK" or the "Company") will be acquired by First Horizon National Corporation ("First Horizon").

2.      On November 3, 2019, IBERIABANK's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with First Horizon.  Pursuant to the terms of the Merger Agreement, IBERIABANK's stockholders will receive 4.584 shares of First Horizon common stock for each share of IBERIABANK common stock they own.

3.      On December 31, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of IBERIABANK common stock.

9.      Defendant IBERIABANK is a Louisiana corporation and a party to the Merger Agreement. IBERIABANK's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "IBKC."

10.     Defendant William H. Fenstermaker is Chairman of the Board of the Company.

11.     Defendant E. Stewart Shea III is Vice Chairman of the Board of the Company.

12.     Defendant Harry V. Barton Jr. is a director of the Company.

13.     Defendant Ernest P. Breaux, Jr. is a director of the Company.

14.     Defendant Daryl G. Byrd is President, Chief Executive Officer, and a director of the Company.

15.     Defendant John N. Casbon is a director of the Company.

16.     Defendant J. Michael Kemp, Sr. is a director of the Company.

17.     Defendant John E. Koerner III is a director of the Company.

18.     Defendant Rick E. Maples is a director of the Company.

19.     Defendant Rosa Sugrañes is a director of the Company.

20.     The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21.     Defendant First Horizon is a Tennessee corporation and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

22.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of IBERIABANK (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.     This action is properly maintainable as a class action.

24.     The Class is so numerous that joinder of all members is impracticable.  As of October 31, 2019, there were approximately 52,267,165 shares of IBERIABANK common stock

outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

29.     IBERIABANK is a financial holding company with locations in Louisiana, Arkansas, Tennessee, Alabama, Texas, Florida, Georgia, South Carolina, North Carolina, Mississippi, Missouri, and New York offering commercial, private banking, consumer, small

business, wealth and trust management, retail brokerage, mortgage, and title insurance services.

30.     On November 3, 2019, IBERIABANK's Board caused the Company to enter into the Merger Agreement with First Horizon.

31.     Pursuant to the terms of the Merger Agreement, IBERIABANK's stockholders will receive 4.584 shares of First Horizon common stock for each share of IBERIABANK common stock they own.

32.     According to the press release announcing the Proposed Transaction:

First Horizon National Corp. ("First Horizon") (NYSE: FHN) and IBERIABANK Corporation ("IBERIABANK") (NASDAQ: IBKC) today announced that they have entered into a definitive agreement under which the companies will combine in an all-stock merger of equals.

Under the terms of the agreement, which was unanimously approved by the Boards of Directors of both companies, the combined holding company and bank will operate under the First Horizon name and will be headquartered in Memphis, Tenn. Once the transaction is completed, the combined company will be one of the largest financial services companies headquartered in the South and one of the top 25 banks in the U.S. in deposits. . . .

Under the terms of the merger agreement, IBERIABANK shareholders will receive 4.584 shares of First Horizon for each IBERIABANK share they own. First Horizon shareholders will own 56% and IBERIABANK shareholders will own 44% of the combined company. Additionally, IBERIABANK shareholders will receive a 43% increase in their dividend after consummation of the transaction, based upon each company's current dividend per share. . . .

Timing and Approvals

The merger is expected to close in the second quarter of 2020, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

Advisors

Morgan Stanley & Co. LLC is serving as financial advisor and Sullivan & Cromwell LLP is serving as legal counsel to First Horizon. Keefe, Bruyette & Woods and Goldman Sachs are serving as financial advisors and Simpson Thacher & Bartlett LLP is serving as legal counsel to IBERIABANK.

*The Registration Statement Omits Material Information*

33.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

35.     First, the Registration Statement omits material information regarding IBERIABANK's and First Horizon's financial projections.

36.     With respect to IBERIABANK's financial projections, the Registration Statement fails to disclose: (i) all line items to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

37.     With respect to First Horizon's financial projections, the Registration Statement fails to disclose: (i) all line items to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

38.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

39.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Keefe, Bruyette & Woods, Inc. ("KBW") and Goldman Sachs & Co. LLC ("Goldman").

40.     With respect to KBW's IBKC and First Horizon Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

41.     With respect to KBW's Pro Forma Financial Impact Analysis, the Registration Statement fails to disclose: (i) the pro forma assumptions; (ii) the extent to which the Proposed Transaction could be accretive to First Horizon's 2020 estimated EPS; (iii) the extent to which the Proposed Transaction could be accretive to First Horizon's 2021 estimated EPS; and (iv) the extent to which the Proposed Transaction could be dilutive to First Horizon's estimated tangible book value per share at closing as of June 30, 2020.

42.     With respect to KBW's IBKC Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0%; (ii) the estimated excess cash flows that the Company could generate over the 4.5-year period from the second quarter of 2020 through 2024; (iii) the Company's terminal value; and (iv) KBW's basis for applying a range of 9.5x to 11.5x IBERIABANK's estimated 2025 earnings.

43.     With respect to KBW's First Horizon Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.5% to 10.5%; (ii) the estimated excess cash flows that First Horizon could generate over the 4.5-year period from the second quarter of 2020 through 2024; (iii) First Horizon's terminal value; and (iv) KBW's basis for applying a range of 9.5x to 11.5x First Horizon's estimated 2025 earnings.

44.     With respect to KBW's Pro Forma Combined Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the

discount rates ranging from 8.75% to 10.75%; (ii) the estimated excess cash flows that the pro forma combined entity could generate over the 4.5-year period from the second quarter of 2020 through 2024; (iii) the pro forma combined entity's terminal value; and (iv) KBW's basis for applying a range of 9.5x to 11.5x the pro forma combined entity's estimated 2025 earnings.

45.     With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for IBKC, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative price to EPS multiples of 10.4x and 11.4x; (ii) the individual inputs and assumptions underlying the discount rate of 8.0%; and (iii) the estimated dividends used by Goldman in the analysis.

46.     With respect to Goldman's Illustrative Discounted Dividend Analysis for IBKC on a Stand-Alone Basis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 9.0%; (ii) the implied distributions to holders of Company common stock over the period beginning September 30, 2019 through December 31, 2024; (iii) the terminal values for the Company; (iv) Goldman's basis for applying illustrative price to EPS multiples ranging from 10.4x to 11.4x; and (v) the total number of fully diluted shares of Company common stock outstanding.

47.     With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for First Horizon on a Stand-Alone Basis, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative price to EPS multiples of 9.7x to 10.7x; (ii) the individual inputs and assumptions underlying the discount rate of 7.5%; and (iii) the estimated dividends used by Goldman in the analysis.

48.     With respect to Goldman's Illustrative Discounted Dividend Analysis for First Horizon on a Stand-Alone Basis, the Registration Statement fails to disclose: (i) the individual

inputs and assumptions underlying the discount rates ranging from 6.5% to 8.5%; (ii) the implied distributions to holders of First Horizon common stock on a stand-alone basis over the period beginning September 30, 2019 through December 31, 2024; (iii) the terminal values for First Horizon; (iv) Goldman's basis for applying illustrative price to EPS multiples ranging from 9.7x to 10.7x; and (v) the total number of fully diluted shares of First Horizon common stock outstanding.

49.     With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for IBKC Shares on a Pro Forma Basis, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative price to EPS multiples of 10.0x to 11.0x; (ii) the individual inputs and assumptions underlying the discount rate of 7.75%; and (iii) the estimated dividends used by Goldman in the analysis.

50.     With respect to Goldman's Illustrative Discounted Dividend Analysis for IBKC Shares on a Pro Forma Basis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 6.75% to 8.75%; (ii) the implied distributions to/infusions from holders of First Horizon's common stock on a pro forma basis from June 30, 2020 through December 31, 2024; (iii) the synergies used by Goldman in the analysis; (iv) the terminal values for First Horizon on a pro forma basis; (v) Goldman's basis for applying illustrative price to EPS multiples ranging from 10.0x to 11.0x; and (vi) the total number of fully diluted shares of First Horizon common stock outstanding.

51.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

52.     Third, the Registration Statement omits material information regarding potential conflicts of interest of KBW and Goldman.

53.     The Registration Statement fails to disclose the amount of compensation KBW received for the past services it provided to the Company and its affiliates.

54.     The Registration Statement also fails to disclose whether Goldman has provided past services to the parties to the Merger Agreement and their affiliates, as well as the timing and nature of such services and the amount of compensation received by Goldman for providing such services.

55.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

56.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) IBKC's Reasons for the Merger; Recommendation of IBKC's Board of Directors; (iii) Opinions of IBKC's Financial Advisors; and (iv) Unaudited Financial Forecasts.

57.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and IBERIABANK

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule

14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. IBERIABANK is liable as the issuer of these statements.

60.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

61.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

62.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

63.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

64.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

65.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and First Horizon

66.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

67.     The Individual Defendants and First Horizon acted as controlling persons of IBERIABANK within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of IBERIABANK and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

68.     Each of the Individual Defendants and First Horizon was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

69.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

70.     First Horizon also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or

12

misrepresented in the Registration Statement.

71.     By virtue of the foregoing, the Individual Defendants and First Horizon violated Section 20(a) of the 1934 Act.

72.     As set forth above, the Individual Defendants and First Horizon had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 8, 2020

OF COUNSEL:

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*